Bond *v.* Bragg et al.

---

BENJAMIN BOND, Appellant, *v.* ADDISON G. BRAGG *et al.,* Appellees.

APPEAL FROM CLINTON.

The law of the place where a promissory note is made, and of that where it is indorsed, will govern the contract and fix the liability of the several parties.

The laws of the forum must govern the pleadings and evidence.

To fix the liability of an indorser, it was necessary to demand payment and give notice of its refusal.

A protest is not required on inland bills and promissory notes, unless by local law or usage; and such protest is not, of itself, evidence of demand of payment, non-payment, and notice.

THE appellant was sued as indorser of a promissory note. The declaration alleged that one Judson made the note, payable to appellant at the banking house of J. J. Anderson; that it was made and indorsed in the State of Missouri; that after the time for payment expired, or the third day of grace, it was presented at Anderson's for payment; that payment was refused; that the note was protested for non-payment; and that appellant was notified. That Judson, the maker of the note, had absconded and was insolvent, whereby, under the laws of Missouri, appellant became liable, &c. To this declaration the general issue was interposed. At October term, 1855, of the Clinton Circuit

Court, the cause was submitted to BREESE, Judge, for a trial without the intervention of a jury—verdict and judgment for the appellees. The note, protest and notice, by a notary public of Missouri, were offered in evidence, as also the affidavit of the notary that he had, on the day of the date of the protest, notified the maker and indorser, in writing, of the protest, &c. It is also proved that the maker of the note was sometimes called " Ned Buntline," and that he had not, at the date of the protest, any effects in St. Louis or anywhere else, which, with some sections of the statutes of Missouri in reference to promissory notes, was all the evidence offered.

The appellant moved for a new trial, which was denied him.

W. H. UNDERWOOD, for Appellant.

D. WHITE, for Appellees.

SCATES, C. J.   The only proof offered on the general issue in this case, was a notarial protest of a demand and refusal of payment on the last day of grace, and an affidavit of the notary before a justice of the peace in St. Louis that he enclosed and mailed said protest, duly certified by him, officially, directed to the maker and indorsers at their several places in St. Louis, Carlyle and Memphis.

We deem it unnecessary to notice the question of diligence against the maker, or rather excuse for not suing him, because of his insolvency and absconding. The law of the place of making and that of indorsing will govern the contract, and fix the liability of the several parties. *Holbrook et al.* v. *Vibbard et al.*, 2 Scam. 467. This note was made, payable, and indorsed, in Missouri, and, by her laws, a demand of payment and notice of refusal are necessary; and the law of the forum must govern the pleadings and evidence.

To fix the liability of an indorser, it was necessary to demand payment, and give notice of its refusal. *Kaskaskia Bridge Co.* v. *Shannon*, 1 Gil. R. 24; 2 Greenleaf's Ev., Secs. 179, 181, 186; Story on Prom. Notes, Secs. 241, 297; Chit. on Bills, side, p. 330; Story on Bills, Secs. 323, 346; 2 Smith's Lead'g Cases, (19 Law Lib. to p. 44, 47.)

In *Morgan* v. *Van Ingen*, 2 John. R. 204, it was held, in an action against the notary for failing to give notice, that it was no part of his official duty to do so. Be that as it may, so far as liability for neglect is concerned, yet notice must be given to the endorser, &c., verbally or in writing, and personally, by agents, or by post, and in due time. Story on Bills, Sec. 300.

But as a protest is not required on inland bills and promissory

notes—unless by local usage or statute—none need be made nor proved, nor notice of protest given. 2 Greenleaf's Ev., Sec. 185; Story on Promissory Notes, Sec. 297; *Nicholls* v. *Webb*, 8 Wheat. R. 326, 331.

A notarial protest is not, therefore, in cases of inland bills and promissory notes, evidence of demand, non-payment, and notice by notary, when given by him. Story on Prom. Notes, Sec. 297; 2 Greenleaf's Ev., Sec. 183 and note 1; *Nicholls* v. *Webb*, 8 Wheat. R. 326–331; *Kaskaskia Bridge Co.* v. *Shannon et al.*, 1 Gil. R. 24; *Robinson* v. *Johnson*, 1 Mo. R. 308 (434).

The notarial protest may not have been improperly admitted in proof of the averment of protest made in the declaration; but it should not have been received, and was incompetent to prove the demand of payment, or notice of non-payment.

There being no other evidence of these facts, we are of opinion the evidence does not sustain the finding of the court.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*