## SAMUEL K. ALLEN
### *v.*
## JESSE COFFIL.

1. BLANK INDORSEMENT — *character of liability assumed thereby.* Though the rule be, that over an indorsement in blank, upon a promissory note, the holder may write a guaranty, if there be nothing to limit the undertaking, yet· in all such cases the contract written over the signature must be consistent with the nature of the instrument and the intention of the parties.

2. So, where the holder of a note, which is signed by one as principal and by another as security, takes in payment thereof the note of a third party which the principal in the first note holds, with the indorsement thereon, first, of the name of such principal, and second, with the name of his security on the first note, and the latter makes his indorsement in blank, thus : " A. B., as security," his liability is not that of a guarantor, who would be primarily liable, but he is to be regarded as the security of the first indorser, who was the principal in the original note, and as such his undertaking is, simply, that such first indorser shall perform his obligation as an assignor.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. P. E. HOSMER, for the appellant.

Mr. THOMAS J. LE COMPTE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of assumpsit in the Washington Circuit Court, brought by Jesse Coffil against Samuel K. Allen, and a verdict and judgment for plaintiff. A motion for a new trial was overruled and a bill of exceptions taken.

The case was this : Perry W. Nichols made his notes with Allen, his security, to Coffil, and, when due, and Coffil pressing for the money, which Nichols could not pay, Coffil offered to take notes Nichols held on one Barret, if Nichols would indorse them, and defendant also. Nichols indorsed the notes, and Allen, also, in this form : " Sam'l K. Allen as security," and they were delivered to Coffil, and also another note, signed by Nichols and Allen, for thirty dollars, which Barret's notes did not cover, of their joint indebtedness, and plaintiff then surrendered the notes of Nichols and Allen. One of the Barret notes was payable two years after date, and both dated December 20, 1858, and the other payable the 25th of December, 1861, and both were assigned by Nichols, on the 14th of February, 1859.

Over the signature of Allen, on the back of the notes, William Stoker, at the instance of Coffil's attorney, at the

time of the trial, wrote this guaranty: "For value received, I guarantee the payment of the within note, when due."

The suit was brought on this guaranty, as an original undertaking by Allen to pay the money when due, at all events. The question is, for whom and for what was Allen security and guarantor?

We are satisfied he was security for Nichols, as he had been on the original notes, that if Nichols did not respond, when called upon so to do, he, Allen, would answer for him, or in other words, if Nichols should, at any time, be unable to meet his indorsement, Allen would do it for him. And what was Nichols' liability? It was simply that of an assignor of negotiable paper, and to be responsible after due diligence was used to obtain the money of the maker, or on proof of his insolvency, and that a suit, to enforce payment, would be unavailing.

It is not to be presumed Allen intended to place himself in a worse position by his indorsement " as security " than Nichols was, which he would be, if his indorsement can be converted into a guaranty. The holder of the note would have a right to sue him in the first instance regardless of the liability of either Barret, the maker, or of Nichols, the indorser. Such never could have been the intention of the parties. Allen qualified his indorsement by the words, "as security," and made the indorsement long after the date of the notes, and after Nichols, the payee, had indorsed it. It is evident to our minds, that he signed as security for Nichols and not for Barret. If not so, his liability, though signing as security, would be greater than that of the principal, which we cannot imply, but must be proved by some fact or circumstance calculated to excite such a belief.

Though the rule be, that over an indorsement in blank, the holder may write a guaranty, if there be nothing to limit the undertaking, yet in all such cases the contract written over the signature must be consistent with the nature of the instrument and the intention of the parties. *Webster* v. *Cobb*, 17 Ill. 459; *Camden* v. *McCoy*, 3 Scam. 437. It is not consistent with the indorsement of Allen "as security," that he should be

made liable in the first instance, or that it was the intention of the parties that he should incur a more direct and prompt responsibility than Nichols. It is apparent, we think, that he undertook simply that Nichols should perform his obligation as indorser, and nothing more.

For the reasons given the judgment of the Circuit Court must be reversed and a new trial awarded.

*Judgment reversed.*