## WILLIAM MAXWELL

*v.*

## WILLIAM D. VANSANT.

1. PRACTICE—*jurisdiction to send process out of county.* At the date of the assignment of certain notes, which were endorsed in blank, and the commencement of the suit, the assignor lived in La Salle county, where the notes were executed, and the assignee lived in Marshall county: *Held,* in a suit by the assignee against the assignor, that the Circuit Court of Marshall county could not send its summons into La Salle county for service on the defendant.

2. PROMISSORY NOTES—*endorsed in blank—will be presumed to have been signed at place of date.* In such case, where the endorsement is in blank, it will be presumed that the notes were assigned at the place of their date, in the absence of proof to the contrary.

3. SAME—*endorsed in blank—what may be filled in.* The holder of negotiable paper endorsed in blank, may fill up the blank with such undertaking as is consistent with the nature of the instrument and the intention of the parties; but he cannot change or enlarge the liability of the endorser.

4. Former Decisions. The case of *Aird v. Haynie*, 36 Ill. 174, decisive of this case. Reference also made to the case of *Allen v. Coffil*, 42 ib. 293 ; referring to *Webster* v. *Cobb*, 17 ib. 459; *Camden* v. *McCoy*, 3 Scam. 437, and *Blatchford* v. *Millikin*, 35 Ill. 454.

Writ of error to the Circuit Court of Marshall county ; the Hon. Samuel L. Richmond, Judge, presiding.

This was an action of assumpsit, brought in the court below, by the plaintiff in error, as assignee of certain promissory notes, against the defendant in error, the assignor. The process was sent from Marshall to LaSalle county, and served upon the defendant. The defendant filed his plea in abatement to the jurisdiction of the court. The cause was tried by the court, who found the issue for the defendant, and gave judgment accordingly. To reverse which, the case is brought to this court by writ of error. The facts necessary to an understanding of the case are stated in the opinion.

Messrs. Bangs & Shaw, for the plaintiff in error.

Mr. T. Lyle Dickey, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

The question raised on this record has been settled by this court in the case of *Aird* v. *Haynie*, 36 Ill. 174. In that case, Aird, holding a note executed in Marion county, the county of his residence, assigned, in that county, the note to Haynie, a resident of Alexander county. Haynie brought suit against Aird as endorser, in Alexander county, and sent the summons to Marion to be executed. On a plea by Aird to the jurisdiction of the Alexander Circuit Court, this court held on appeal, that in a suit by the assignee against the assignor thus situated, the Circuit Court of Alexander county could not send its sum-

mons to Marion county for service on the defendant, and reversed the judgment.

The only difference between that case and this, is, that the note and assignment showed in what county they were respectively made. Here the notes sued on show they were made in La Salle county, and the endorsement was in blank. In the absence of proof to the contrary, it must be presumed the notes in suit, were assigned at the place of their date, and this presumption makes the case identical with that cited.

After this suit was brought, and on the trial, the plaintiff filled up the blank over the endorser's name with the words, "pay William Maxwell, Marshall county, Ill., October 16th, 1856."

That a party has a right, holding paper endorsed in blank, to fill the blank, is true to this extent, that he may so fill it, as not to change or enlarge the liability of the endorser. He may put anything in the blank space consistent with the nature of the instrument and the intention of the parties, as indicated by the instrument itself and the endorsement upon it, or that may be proved by competent evidence *aliunde. Allen* v. *Coffil,* 42 Ill. 293, referring to *Webster* v. *Cobb,* 17 Ill. 459, and *Camden* v. *McCoy,* 3 Scam. 437. See, also, *Blatchford* v. *Millikin,* 35 Ill. 454.

We concur with the Circuit Court in holding that the Marshall Circuit Court did not obtain jurisdiction of the cause by sending the summons to La Salle county, where it was executed, and therefore affirm the judgment.

*Judgment affirmed.*