## J. Rufus Smith v. James W. Long et al.

*Indorsement of note payable to order.*

The payee of a note drawn to order becomes an indorser by signing his name on the back of it, and unless he adds apt words to create a different relation, is not chargeable otherwise. And until he indorses the note, no third person can become an indorser.

*Wetherwax v. Paine*, 2 Mich., 555, and *Rothschild v. Grix*, 31 Mich., 150, distinguished, in that those who signed on the back of the notes were strangers to them.

Neglect to protest a note and give notice to an indorser is conclusively presumed to injure him.

Indorsement by the payee at the time the note is signed, in order to enable the maker to negotiate it, does not enlarge the indorser's liability or create any new relation between him and third parties who may afterwards become holders.

Error to Isabella. Submitted April 9. Decided April 15.

Assumpsit. Plaintiff brings error.

*William N. Brown*, for plaintiff in error. A payee who signs in blank on the back of the note at the time

it is made and delivered, becomes a joint maker as to third parties, purchasing it in good faith, *Wetherwax v. Paine*, 2 Mich., 555; *Rothschild v. Grix*, 31 Mich., 151; *Herbage v. McEntee*, 39 Mich.,    ; *Wright v. Morse*, 9 Gray, 339; *Bryant v. Eastman*, 7 Cush., 111; *Riley v. Gerrish*, 9 Cush., 104; *Essex Company v. Edmands*, 12 Gray, 273; *Benthall v. Judkins*, 13 Met., 265; *Brown v. Butler*, 99 Mass., 179; *Chaddock v. Van Ness*, 10 Amer., 262; Story on Prom. Notes, §§ 466-7; even if he signs as surety or for the accommodation of the maker, *Hunt v. Adams*, 5 Mass., 358; an indorser cannot complain of the notice of protest if not injured or misled by it, *Snow v. Perkins*, 2 Mich., 242; *Burkham v. Trowbridge*, 9 Mich., 209.

*Fancher, Dodds & Partridge* for defendant in error.

MARSTON, J.   A promissory note made by defendant Long, payable to defendant Bennett or order, was, on the date thereof, endorsed by the latter, and on the same day the maker had it discounted at the Citizen's Isabella County Bank.   The note not having been paid at maturity was protested, but too late to charge the defendant Bennett as an endorser.

It is now claimed that no protest or notice thereof was necessary to charge Bennett; that he having written his name on the back of this note at the date thereof, and before its negotiation to the bank, for the sole purpose of enabling the maker by reason thereof to discount it, became as to third parties a joint maker; citing *Wetherwax v. Paine*, 2 Mich., 555, and *Rothschild v. Grix*, 31 Mich., 150, in support of this position, with other cases.

In the two cases referred to in this State, the parties who signed their names on the back of the notes were strangers to the notes.   They were not the payees named therein, nor had the payee in either case, at the time such third persons placed their names thereon, endorsed the note so as to render the same negotiable.

Until the payee endorses the note, no third person can become an endorser. The payee by signing his name on the back of the note becomes thereby an endorser, and can be held chargeable in no other capacity, unless he add apt and proper words to create a different relation. The fact that the payee signed his name on the back of this note at the same time that it was signed by the maker, for the purpose of enabling the latter to negotiate it, would not enlarge his liability or create any new relation between him and third parties who might afterwards become the holders thereof.

It follows that a want of proper protest and notice thereof discharged him from all liability thereon. The mere fact that a failure to protest and give the requisite notice may not have resulted in any actual injury to defendant Bennett, is wholly immaterial. The law conclusively presumes injury, and will not permit the contrary to be shown; and there are good reasons for this which need not here be referred to.

The judgment must be affirmed with costs.

The other Justices concurred.