41  196
66  603
11  196
78  314

41   196
s1NW  930
131   233

WATSON A. SIBLEY, IMPLEADED ETC. v. MUSKEGON NATIONAL BANK.

*Promissory note—Joint-maker.*

If a stranger to a note puts his name on the back of it before it is indorsed by the payee, he is liable as joint maker and not as indorser.

Error to Muskegon. Submitted June 6. Decided June 17.

ASSUMPSIT by the bank against Watson A. Sibley, impleaded with William Glue and Alpheus G. Smith upon the following note : " 500.00. Muskegon, Mich., Mar. 20, 76. Ninety days after date, we promise to pay to the order of George S. Goodale, Cashier, Five Hundred Dollars, at Muskegon National Bank, Muskegon, Mich., for value received, with interest after due at ten per cent. per annum. Glue & Smith." There was written on the back of this note the name "W. A. Sibley." Plaintiff recovered and defendant Sibley brings error.

*Keating & Allen* for plaintiff in error. The indorser's joint liability is not presumed when the indorsement is not dated, *Freeman v. Ellison*, 37 Mich., 459; the parties to a note can show how it was signed, *Rothschild v. Grix*, 31 Mich., 151; as between immediate parties, the interpretation should be such as will carry their intention into effect, and their intent may be shown by parol proof of facts that attended the act, 1 Dan. Neg. Inst., § 710; *Sylvester v. Downer*, 20 Vt., 355; *Quin v. Sterne*, 26 Ga., 224; *Chaddock v. Vanness*, 35 N. J. Law, 517; *Strong v. Riker*, 16 Vt., 554; *Perkins v. Catlin*, 11 Conn., 213; *Schollenberger v. Nehf*, 28 Penn. St., 189; *Clark v. Merriam*, 25 Conn., 576; *Watson v. Hurt*, 6 Gratt., 633; *Schneider v. Schiffman*, 20 Mo., 571; the signature does not necessarily imply a commercial contract, 1 Dan. Neg. Inst., 525; *Jennings v. Thomas*, 13 Sm. & M., 617; *Comparree v. Brockway*, 11 Humph., 358; *Ives v. Bosley,*

35 Md., 262; the presumption that one who signs on the back of a note before delivery is a joint promisor, is not absolute, *Camden v. McKoy*, 3 Scam., 437; *Seymour v. Farrell*, 51 Mo., 95; but evidence of intention is admissible to rebut it in every state except New York and Massachusetts, *Jones v. Goodwin*, 2 Amer. Rep., 475, notes; parol evidence is admissible to show that he signed as indorser, *Mammon v. Hartman*, 51 Mo., 169; *Lewis v. Harvey*, 18 Mo., 74; *Western Boatman v. Wolff*, 45 Mo., 104; *Kuntz v. Tempel*, 48 Mo., 71; see *Good v. Martin*, 95 U. S., 90; *Mendenhall v. Davis*, 72 N. C., 154; *Davis v. Morgan*, 64 N. C., 570; 2 Whart. Ev., §§ 1059-60; 2 Pars. N. & B., 121, n.

*Smith, Nims & Erwin* for defendant in error. One who signs on the back of a note at its inception and before any advance has been made on it, to add to its credit, is liable as maker, *Rothschild v. Grix*, 31 Mich., 150; *Herbage v. McEntee*, 40 Mich., 338; *Allen v. Brown*, 124 Mass., 77.

MARSTON, J. This case clearly comes within and is governed by *Smith v. Long*, 40 Mich., 555, where it was said that a third person could not become an indorser until after the payee had indorsed the note. To recognize the distinction sought to be established in this case would but unsettle this branch of the law applicable to negotiable paper, so that the rights and liabilities of parties could only be determined by a resort to litigation dependent upon conflicting oral testimony. Refined and technical distinctions should not be created under such circumstances. Certainty is far more desirable for all parties, and when the rule is once settled does injustice to none. This case is governed by principles quite different from that on which *Hubbard v. Gurney*, 64 N. Y., 458, was decided. The question here is, what is the legal import of defendant's promise on the face of the

instrument? And we hold him to be a joint maker of the note, because otherwise he could not be chargeable at all.

The judgment must be affirmed with costs.

GRAVES and COOLEY, JJ., concurred. CAMPBELL, C. J., did not sit in this case.