.JOHN GREUSEL, JR. v. COLLINS B. HUBBARD AND NORMAN S. CLARK.

*Promissory notes—Joint makers and indorsers.*

The payee of a note cannot sue, as a joint maker, one who has provisionally put his name on the back of it if he himself has afterwards indorsed the note and put his own name before the other.

The. mutual rights of parties to negotiable paper are determined, in common-law actions, by their respective positions on the paper at the time it is negotiated and becomes the property of a bona fide holder.

Error to Wayne.   (Jennison, J.)   June 7.—June 20.

ASSUMPSIT.   Defendant Hubbard brings error.   Reversed.

*Trowbridge & Prescott* and *Wm. L. Carpenter* for appellant.   Signing one's name on the back of a promissory note before the payee indorses it does not make one a jointmaker: *Clapp v. Rice* 13 Gray 403; *Prescott Bank v. Caverly* 7 Gray 217; *Dubois v. Mason* 127 Mass. 37; *Rey v. Simpson* 22 How. 341; *Good v. Martin* 95 U. S. 90; *Kirschner v. Conklin* 40 Conn. 77.

*James H. Pound* for appellee.   A person signing or indorsing a promissory note, not payable to his order, prior to its being negotiated, is a joint maker thereof: *Higgins v. Watson* 1 Mich. 428; *Wetherwax v. Paine* 2 Mich. 555; *Rothschild v. Grix*, 31 Mich. 150; *Herbage v. McEntee*, 40 Mich. 337; *Moynahan v. Hanaford* 42 Mich. 329; *Sibley v. Muskegon National Bank* 41 Mich. 196; *Perkins v. Catlin* 11 Conn. 213; *Lewis v. Harvey* 18 Mo. 74; *Austin v.*

*Boyd* 24 Pick. 64 ; *Palmer v. Grant* 4 Conn. 389 ; *Allen v. Brown* 124 Mass. 77 ; *Union Bank v. Willis* 8 Met. 504 ; *Patch v. Washburn* 16 Gray 82.

CAMPBELL, J.   On the 19th day of August, 1881, Clark obtained from a Detroit banking house the discount, for his personal benefit, of a promissory note, signed by himself as maker, payable to the order of John Greusel, Junior, and endorsed in the following order : " John Greusel, Jr.   Collins B. Hubbard."

The note was protested.   Greusel paid it, and now sues Clark and Hubbard as joint makers, putting his demand on the ground that Hubbard's name was actually signed before his own in point of time.   The court below sustained this view and gave him a joint judgment.   Hubbard brings error.

The evidence was that Greusel having refused to lend Clark money, but offering to become his endorser if Clark would procure another good endorser with him, the latter went away and came back with this note payable to Greusel's order, signed by Clark and endorsed by Hubbard. Greusel was satisfied, and signed his name above Hubbard's. It was in proof, also, that Hubbard declined to sign except as a second endorser.   The two names were required by bank-discount usage.

We do not think there is any foundation for Greusel's present suit against Hubbard as a joint maker.   What rights he may have against him as a fellow-surety are not now before us.

The doctrine on which the cases have held a signer on the back of a note to be a joint maker all rests on the same ground with the cases on endorsements generally.   The rule is substantially uniform that the mutual rights of parties to be determined in common-law actions, must be determined by their respective positions on the paper at the time when it is negotiated and becomes the property of a holder.   If, at that time, a name appears on the back which, from its position, would not bind the party signing it as endorser, he must respond in such other capacity as it indicates.   If, on

the other hand, he signs in such a way as to make him an endorser, in the commercial-law sense, he is to be so treated. In this State an original signing on the back, if it is not a regular endorsement, becomes a joint making, because it fits no other form of liability. *Sibley v. Muskegon National Bank* 41 Mich. 196. As remarked by Judge Marston : "We hold him to be a joint maker of the note, because otherwise he could not be chargeable at all."

The liability attached to such a signing is not the same everywhere. But it everywhere rests on the principle applying to all contracts, that when they become operative and binding as executed and delivered obligations, each man is bound to the holder precisely as he purports to be bound.

If Mr. Greusel had himself been the money lender and advanced money on the note payable to his order with Hubbard's name on it, the case would have been within our previous decisions, because, the note having been delivered to him in that condition, Hubbard could only be liable as maker, and must be so treated. But by the agreement of all these parties this note was inchoate until all the parties had signed it, and was not intended to be negotiated with any less number. If Greusel had signed after Hubbard, the latter would have been liable to any bona fide holder as maker. Whether Greusel could have so held him, under the circumstances, we need not consider. But when Greusel deliberately chose to put Hubbard in the position of a second endorser, he could not then, by afterwards taking up the note from a holder, turn round and treat him, in a suit on the note itself, as having signed in any other character. This is the doctrine which seems to be necessary in dealing with negotiable paper. Each party must be held as on the face of the paper he has agreed to be held, and if there is any other obligation arising out of extrinsic facts, it cannot be enforced in a suit on the note as it reads, but must be enforced by some count of a different character. Our own decisions do not favor any other rule, and it is expressly held in good authorities, among which may be

mentioned *Rey v. Simpson* 22 How. 341; *Good v. Martin* 95 U. S. 90; *Clapp v. Rice* 13 Gray 403.

The judgment as to Hubbard is erroneous and must be reversed with costs of both courts.

The other Justices concurred.