ALEXANDER BELFORD

V.

FLETCHER BANGS ET AL.

</div>

1. INDORSEMENT—INDORSER'S LIABILITY—NOTICE.—The contract of indorsement is regarded as entering as a condition in the contract of the drawer or indorser of a bill, or of the indorser of a note, that he shall only be

Belford v. Bangs.

bound in the *event* that acceptance or payment has been duly demanded, and he be notified if it is not paid. As no notice was sent through the post office, directed to appellant, in compliance with the statutes of Michigan, he can not be bound.

2. Presumption as to place of indorsement.—An indorsed note, made in one State, in the absence of proof to the contrary, will be presumed to have been indorsed in that State.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed May 20, 1884.

Messrs. Hutchinson & Partridge, for appellant; as to indorsement, cited Daniell on Negotiable Instruments, § 728; Maxwell v. Vansant, 46 Ill. 58; Holbrook v. Vibbard, 2 Scam. 465; Bond v. Bragg, 17 Ill. 69; Evans v. Anderson, 78 Ill. 558.

The *lex mercatoria* is in force in Michigan: Cicotte v Morse, 8 Mich. 424; Aniba v. Yeomans, 39 Mich. 171; Stewart v. First Nat. Bk., 40 Mich. 348; Whittier v. Wright, 34 Mich. 92.

Mr. N. M. Jones, for appellee.

This was assumpsit, by Bangs & Co. against appellant, as indorser of a promissory note. The note was made by B. F. Twombley & Co., payable to the order of appellant, for the sum of $335.81, dated at Detroit, Michigan, and payable at the Second National Bank of Detroit, one month after date. It was indorsed by appellant as follows: " Pay Bangs & Co., New York, or order. A. Belford." Attached to it was a certificate of protest, which set forth that Henry W. Jessop, the subscribing notary, had presented said note at the place where it was made payable, on the 11th day of October, 1879, and demanded payment thereof, which was refused; that he had protested the same in the usual form, and on the same day he had put due notices that said note had been presented for payment and that payment was refused, into the post office at Detroit, Michigan, with the full legal postage paid thereon, and directed as follows, after diligent inquiry being made for

the residence and place of business of the drawers and indorsers:

"Notice for A. BELFORD.
"BANGS & Co.,
"Z. E. NEWELL, Cashier."
"Directed all to Z. E. Newell, Cashier, New York City, N. Y."
"Each of the above named places being the reputed place of residence and business of the person to whom the same was directed, or for whom it was left as aforesaid."

The declaration alleged, in the first count, that the appellant indorsed said note to appellee by the name of Bangs & Co.; that said note was duly presented for payment, and payment refused, and that it was thereupon protested under the laws of Michigan; and due notice of such protest having been sent to appellant and the makers of said note, as required by law, the appellant became liable to pay the same.

The second count alleged the insolvency of the makers, and averred that a suit against them would have been unavailing.

The case was tried by the court without a jury, resulting in a judgment for the plaintiff for $421, and the defendant appealed to this court.

WILSON, J. The only question that need be considered in the present case is as to whether the requisite notice of the non-payment of the note was given to appellant to charge him as indorser. The contract of indorsement is regarded as entering as a condition in the contract, of the drawer or indorser of a bill, or of the indorser of a note, that he shall only be bound in the event that acceptance or payment has been duly demanded, and he be notified if it is not made: 2 Daniell on Neg. Inst., 28. At common law, which includes the *lex mercatoria* governing negotiable paper (Cook v. Renie, 19 Ill. 598), the performance of this condition was indispensable to the fixing of a liability upon the indorser. 2 Daniell on Neg. Inst., p. 28; Bond v. Bragg, 17 Ill. 69; Cicotte v. Morse, 8 Mich. 428. Here the note was dated at Detroit, in the State of Michigan, and in the absence of proof to the con-

Belford v. Bangs.

trary, will be presumed to have been indorsed there.   Maxwell v. Vansant, 46 Ill. 58; Daniell on Neg. Inst., § 728.

The indorsement created a new and distinct contract, and is governed by the law of Michigan where it was made: 2 Par. Con. 568; Holbrook v. Vibbard, 2 Scam. 462; Bond v. Bragg, 17 Ill. 69; Maxwell v. Vansant, *supra*.   In the absence of proof to the contrary, the courts of one State will presume that the common law is in force in a sister State: Crouch v. Hall, 15 Ill. 263.

The statute of Michigan which was put in evidence, in no way changes the rule of the common law as above stated.   It provides that whenever the indorser of a promissory note shall reside or have a place of business in the same city, village or township, where such note is made payable, or may be legally presented for payment, the notices of non-payment may be sent by depositing such notices, with the postage prepaid, in the local post office, properly directed to such indorser, and whenever any note shall not be made payable at any place, notice of non-payment may be served by depositing the same in a post office, prepaid, directed to the indorser at his reputed place of post office delivery, to be ascertained by the best information that can be obtained by diligent inquiry. In the present case no notice directed to appellant was sen'. The notary's certificate, which was the only evidence offered on that subject, shows upon its face, that it was directed to Z. E. Newell, Cashier, New York City.   How the notice happened to be thus directed does not appear.   It is enough that this was not a compliance with the law.   The Supreme Court of Michigan has decided that neglect to give notice to the indorser is conclusively presumed to injure him, and the law will not permit the contrary to be shown.   Smith v. Long, 40 Mich. 555.   Appellant testifies that he never received the notice, and first learned of the non-payment of the note two years afterward by a letter received from appellees.

As to the claim that a suit against the maker would have been unavailing, it is sufficient to say that no proof was offered of the existence of any law in the State of Michigan, excusing the indorsee of a note from the use of diligence to collect of

the maker by reason of the insolvency of the latter. And if such proof had been made, the evidence of the insolvency of Twombley & Co. was insufficient.

The judgment of the court below must be reversed, and the cause remanded for a new trial.

<div align="right">Reversed and remanded.</div>