# CASES

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1899.

## Western Massachusetts Mutual Fire Ins. Co. v. Siegel, Cooper & Co.

1. EVIDENCE—*Assessments by Foreign Insurance Companies.*—A statement under the hands and seals of the president and secretary of a foreign insurance company made before a notary public of such foreign State to the effect that by reason of the financial condition of the company it was necessary to levy an assessment and that such was duly levied by the board of directors, etc., is not admissible as proof in case of a foreign insurance company levying an assessment through its board of directors.

2. SAME—*The Law of the Forum Governs the Admission of Evidence.*—The law of the forum governs as to the competency and admission of evidence.

Assumpsit, on a policy of insurance. Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. ABNER SMITH, Judge, presiding. Finding and judgment for the defendant; error by the plaintiff. Heard in this court at the March term, 1899. Affirmed. Opinion filed July 20. 1899.

CHURCH, McMURDY & SHERMAN, attorneys for plaintiff in error.

In actions for the recovery of assessments levied by the directors of any mutual fire insurance company in this State, the statement of the president and secretary of said company, under seal and sworn to, should be received in

(528)

court as evidence of the facts essential for making the same
and that such assessment for the non-payment of which any
action has been commenced, has been duly levied and notice
thereof given.    Starr & Curtis' Statutes of Illinois, Chap.
73, Par. 24;  Rand v. Mutual Fire Ins., 58 Ill. App. 528.

Every person who effects insurance in a mutual company
thereby becomes a member of the company during the
period of insurance and is bound to pay for losses and any
such necessary expenses that may accrue in and to the com-
pany in proportion to the original amount of his cash pre-
mium paid, and it is the duty of the board of directors, as
often as they deem necessary, to settle and determine the
sum to be paid by the several members thereof.    Starr &
Curtis' Statutes, Chap. 73, Par. 24.

The contingent liability of all policy holders in a mutual
fire insurance company in this State can not be less than
three nor more than five times the cash premium as written
in the policy.    Starr & Curtis' Statutes, Chap. 73, Par. 17.

A foreign insurance company complying with all the laws
of this State and securing a license to do business herein,
has all the rights and remedies of companies organized in
this State.    Starr & Curtis' Statutes, Chap. 73, Par. 33;
Barnes v. The People, 168 Ill. 425.


A. BINSWANGER and ELMER E. JACKSON, attorneys for
defendant in error.

In actions for the recovery of assessments levied by the
directors of any fire insurance company in this State, or for
money due on the liability of any members of said company
or officers, the statement of the president and secretary of
said company, under seal and sworn to, shall be received in
court as evidence of the fact essential for making the same,
and that such assessment, for the non-payment of which
said action has been commenced, has been duly levied and
notice thereof given.    Hurd's R. S. (1895 Ed.) Sec. 13, Par.
59, p. 884.

Even when the liability assumed by a member of a mutual
insurance company is evidenced by notes, the company can

530    APPELLATE COURTS OF ILLINOIS.

VOL. 84.] Western Mass. Mut. Fire Ins. Co. v. Siegel, Cooper & Co.

not recover on such notes unless it was properly licensed to transact business in this State at the time the insurance was issued. Cincinnati Mutual Health Assurance Co. v. Rosenthal, 55 Ill. 85; see also Buell v. Breese Mill & Grain Co., 65 Ill. App. 271.

MR. JUSTICE WINDES delivered the opinion of the court.

Plaintiff in error (plaintiff below) sued defendant in error (defendant below) in assumpsit before a justice of the peace, to recover an insurance assessment which it was claimed was made by the directors of plaintiff, a corporation organized under the laws of Massachusetts, pursuant to the terms of an insurance policy issued by it to defendant, a corporation, on the 12th day of February, 1895, insuring defendant for one year, from February 15, 1895, to February 15, 1896, against loss or damage by fire. The policy acknowledged a payment of premium of $75, and the defendant thereby agreed that it would pay all such sums as might be assessed by the directors of plaintiff, pursuant to the laws of Massachusetts, but not in any event to exceed three times the amount of said premium.

Plaintiff recovered a judgment before the justice of $68.02 and costs, from which defendant appealed to the Circuit Court of Cook County, where a trial before the court without a jury resulted in a finding of the issues in favor of the defendant. From this judgment this writ of error is prosecuted.

Pursuant to the requirements of the statute of this State governing insurance companies, plaintiff was licensed by the insurance department of this State to transact the business of fire insurance in the State of Illinois on July 23, 1894, but on June 19, 1895, this license was revoked.

After proof of the policy above described, plaintiff offered in evidence a statement under the hand and seals of the president and secretary, respectively, of plaintiff, sworn to and acknowledged by both said president and secretary before a notary public of the State of Massachusetts, to the effect that by reason of the financial condition of plaintiff

it became necessary to levy an assessment, and that an assessment was duly levied by the board of directors of plaintiff on June 12, 1897; that notice thereof was duly given, and payment demanded on June 12, 1897, by mailing notice of such assessment, properly addressed to defendant in Chicago, Illinois, and that the sum of $68.02 was a proportion of such assessment chargeable to and levied against said policy issued to defendant for losses incurred subsequent to July 23, 1894, and during the life of said policy, and that the same still remains unpaid.

Defendant objected to the introduction in evidence of this statement, and it was admitted subject to the objection. No other proof of the levying of any assessment by plaintiff against defendant or of notice thereof to defendant, was made, and we are of opinion that this evidence was wholly incompetent, and therefore insufficient to justify a recovery by plaintiff. The evidence is secondary in its nature, a mere private writing, and no foundation was laid to justify its admission against objection. The records of plaintiff are the best evidence of the fact of assessment, if one was made, and if notice was sent to defendant by mail, the testimony of the person sending it is the best evidence on that point. 2 Jones on Evidence, Sec. 528.

It is contended by plaintiff that under the statute of this State (S. & C., Ch. 74, Par. 24) the evidence was competent and sufficient proof of the levying of the assessment in question and notice thereof. This is true with reference to assessments levied by the directors of any fire insurance company in this State, that being the provision of the statute in question, but is not true as to a foreign insurance company levying assessments through its board of directors in the State of Massachusetts. The authorities cited by plaintiff to sustain this contention are not applicable, and the statute (S. & C., Ch. 73, Par. 33) relied upon as giving to foreign insurance companies, complying with the laws of this State, all the rights and remedies of companies organized in this State, does not contain any such provision. Even if the statute had such a provision, we are inclined to

the opinion that it could not have the effect of dispensing with the settled rules of evidence. It might well be that a foreign insurance company would have the same rights and remedies in the courts of this State as a corporation organized in this State, but at the same time would be required to establish such rights, and that it would be given such remedies only when it had shown itself entitled thereto, under proof made pursuant to the established rules of evidence applicable to all suitors, not expressly exempted by some special statutory provision from the ordinary methods of proof. The law of the forum governs as to the competency and admission of evidence. Bond v. Bragg, 17 Ill. 69; Eq. Life As. Soc. v. Frommhold, 75 Ill. App. 53.

It does not follow that though plaintiff may have the same rights and remedies in the courts of this State that a domestic corporation would have, it could establish by the same methods of proof assessments made on its policy holders in Illinois by a board of directors in Massachusetts, that it could were the board of directors and their records located in Illinois.

It seems unnecessary to consider the other questions raised by counsel, inasmuch as plaintiff has failed to show any right of recovery.

The finding and judgment of the Circuit Court is therefore affirmed.