### John Griffiths et al. v. Philip W. Herzog.

1. PROMISSORY NOTES—*Whether a Signer upon the Back of a Promissory Note is a Guarantor or an Indorser.*—Whether the name of a party appearing upon the back of a promissory note, stamped with a rubber stamp, was put there after he signed such note, and consequently, whether he is an indorser or guarantor, are questions of fact.

2. PRESUMPTIONS—*Where the Name of a Party Appears upon the Back of a Promissory Note.*—Presumptively, the name of a third person being upon the back of a promissory note when presented for discount, was placed there as that of a guarantor.

Assumpsit, on a contract of guaranty. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

This was a suit in the Superior Court of Cook County by defendant in error, Philip W. Herzog, to recover from plaintiffs in error, Carl D. Bradley and John Griffiths, the balance due him upon a note signed by Bradley, payable to his order, and by him indorsed and delivered, for the sum of $820.22, dated October 26, 1892, due in sixty days, and

Griffiths v. Herzog.

bearing interest at the rate of seven per cent per annum. Upon the back of this note was stamped the following:

"For value received, we hereby guarantee the payment of the within note at maturity, or at any time thereafter, with 7 per cent interest until paid.

CARL D. BRADLEY,<br>JOHN GRIFFITHS."

Judgment was rendered against Bradley and Griffiths for $604.29.

MONTGOMERY & HART, attorneys for plaintiff in error.

M. L. RAFTREE, attorney for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The defendant below, Griffiths, contended that the guaranty stamped upon the back of the note was put there after he signed his name thereon; that consequently he was an indorser only, and entitled to notice of its non-payment; that if he was an assignor he is not liable, because the note could have been collected from the maker, Bradley, if collection had been prosecuted with due diligence. Two questions of fact were thus presented. Each has been found against plaintiff in error, Griffiths.

We can not say that the evidence is such that the court should have found otherwise as to either. If Griffiths were a guarantor, or if he were an assignor and a suit against Bradley would have been unavailing, the judgment was properly entered.

We do not regard it as beyond question that Griffiths wrote his name on the back of the note when neither the name of Bradley nor the guaranty had been placed there.

Presumptively, the name of Griffiths, a third person, being upon the back of the note presented to Herzog for discount, was placed there as that of a guarantor. Webster v. Cobb, 17 Ill. 459–465; Blatchford v. Milliken, 35 Ill. 434; White v. Weaver, 41 Ill. 409–413; Allen v. Coffil, 42 Ill. 293; Maxwell v. Vansant, 46 Ill. 58; Parkhurst v. Vail, 73 Ill. 343.

The fourth proposition of law tendered by the defendants below perhaps should have been held. If error to refuse it, it was an error not, under the evidence, harmful to the defendant. The judgment of the Superior Court is affirmed.