Saint Paul, Minnesota, April, 1873.    63

First National Bank of St. Paul v. National Marine Bank of St. Paul.

# The First National Bank of St. Paul

*vs.*

# The National Marine Bank of St. Paul.

The general rule in this State and elsewhere is, that the indorsement of a negotiable note or bill before maturity by the payee, creates an absolute warranty to the immediate and subsequent indorsers; among other things, that the maker or acceptor will pay it on due presentment when it is due, but that if he does not, the endorser will pay it if due notice is given him of such dishonor; and evidence of a contemporaneous or subsequent parol contract varying or contradicting such indorsement as to any of its terms is not admissible.

The exceptions to the rule stated, and certain facts proposed to be proved considered, and held that such facts do not bring this case within any exception to the rule above stated.

The plaintiff brought this action against the defendant as endorser upon a draft or bill of exchange. The complaint was in the usual form. The principal defense set up in the answer and relied upon by the defendant, was that the draft was sold to plaintiff upon the terms and conditions, with respect to the liability of defendant as endorser thereof, mentioned in a certain agreement or contract between the parties, and that the endorsement of the draft was merely for the purpose of passing the title. The contract or agreement was set out in the answer, and a copy is given in the opinion.

The cause was tried in the district court for Ramsey county, by the court, without a jury, and judgment directed to be entered for the plaintiff; and upon the denial of a motion for a new trial, defendant takes an appeal to this court.

The principal exceptions taken by the defendant, were to the

First National Bank of St. Paul v. National Marine Bank of St. Paul.

rulings of the court refusing to admit the contract or agreement and testimony in support of the special defense set up in the answer, in evidence, and sufficiently appear in the opinion.

GILFILLAN & WILLIAMS, for Appellant.

The court below erred in excluding the evidence offered by defendant to prove that the draft was sold to plaintiff under the written contract, and that the endorsement was made solely to pass the title, pursuant to such sale.

*a.* Generally, between the original parties to a blank endorsement of a bill it may be shown by parol for what purpose it was made, and that the endorser was not to be liable as such. *Stackpole vs. Arnold*, 11 *Mass.* 32; *Barker vs. Prentiss*, 6 *Mass.* 430; *Wright vs. Latham*, 3 *Murphy* (*N. Car.*) 298; *Butler vs. Suddeth*, 6 *Monroe* (*Ky.*) 541; *Ross vs. Espy*, 66 *Penn. St. R.* 481, *and cases cited ; Pierce et als. vs. Stone et als.*, 1 *Minn.* 369; *McComb et al. vs. Thompson*, 2 *Minn.* 139; *Bingham vs. Stewart et al.*, 14 *Minn.* 214.

*b.* The offer, however, was not to vary by parol the liability of the endorser, but only to show by the transaction in which the endorsement was made, that the endorser's liability was controlled by the written contract. The contract is a valid one to control endorsements under it, and we think that any evidence is competent to connect this endorsement with it. The circumstances under which it was made may be shown to show the effect that one has on the other. *Heywood vs. Perrin*, 10 *Mass.* 228.

*c.* Even where it is held as a general rule that the effect of an endorsement cannot be varied by parol, exceptions to the rule are admitted. As, where from the relations of the parties, or any antecedent agreement or circumstances, it would ope-

First National Bank of St. Paul v. National Marine Bank of St. Paul.

rate as a fraud, to enforce the ordinary liability upon the endorser. Thus, where the payee endorses only to enable his agent to collect ; or, where the nominal payee is only an agent, and he endorses merely to pass title to his principal ; or where the endorsement is for accommodation; or where a note or bill is sold, the purchaser to take it relying solely on the liability of the maker or drawer, and the endorsement is made merely to execute the sale. The case of *Dale vs. Gear*, in the supreme court of Connecticut, reported in *American Law Register*, January, 1873, page 14, illustrates these exceptions.

*Hill vs. Ely*, 5 *Serg. & Rawle*, 363, comes under them, and so of *Downer vs. Cheesebrough*, 36 *Conn*. 39, and *Butler vs. Suddeth*, 6 *Monroe*, (*Ky.*) 541.

In this case the offer was to prove by the contract set forth in the answer ; that defendant offered to sell the draft under that contract and did so sell it to plaintiff; and that the endorsement was made merely to pass the title pursuant to such sale ; to prove in effect, that the plaintiff in suing upon the endorsement, is endeavoring to pervert it to a use never intended ; to a fraudulent purpose.

Bigelow, Flandrau & Clark, for Respondent.

The court was clearly right in excluding the evidence offered to show that the endorsement of the draft in suit was made by the defendant under an agreement then existing between the parties, concerning certain endorsements of the defendant it is true, but relating to other and wholly different paper;—paper drawn by, and upon, parties other than those to the draft in question.

The offer was, in effect, to show by parol that at the time of the endorsement, it was agreed between the parties that no liabilities should be thereby created against the endorser. It

First National Bank of St. Paul v. National Marine Bank of St. Paul.

was an offer of parol contemporaneous evidence to contradict the terms of a valid written instrument—to show by parol that the written contract of endorsement was not in fact such contract.

If there is a question thoroughly settled by repeated adjudication in this state it is that the contract of endorsement is one just as well known in law as if it was all written out over the signature and that it cannot be contradicted or varied by parol evidence. The first case directly in point is that of *Levering & Morton vs. Washington*, 3 *Minn.* 323, where an attempt was made to prove by parol that the contract of an endorser on a note was that of an original maker. At *page* 330 the court says in answer to this attempt:

" Their contract is the ordinary one of endorsers of commercial paper. Their written agreement goes to that extent and they must be held as such if at all. We find no authority which holds that parol testimony may be introduced to show that the defendants made a contract by which they may be held other than as endorsers. The rule of law on this subject is well settled on principles of reason and justice and should not be disturbed."

The next case is that of *Walters vs. Armstrong*, 5 *Minn.* 448. The question in this case arose upon an attempt to show by parol an agreement contemporaneous with the making of a promissory note, that there was a less sum due on the note than the amount expressed on its face. The court say at *puge* 453 :

" The rule that a parol agreement contemporaneous with a written contract cannot be set up to contradict or vary the terms of the latter is too well settled to admit of discussion or require the citation of authorities."

The next case in order of time is *Kern vs. Von Phul et al.,* 7 *Minn.* 426, which is exactly in point, and presents the same

First National Bank of St. Paul v. National Marine Bank of St. Paul.

facts as the case at bar.    The defendant had endorsed the paper in the ordinary way by writing his name across the back of it.    Being sued upon his contract of endorsement he offered to prove by parol that at the time he endorsed the note it was agreed that his endorsement was not to create any liability against him.    This is exactly what the defendant in the case at bar seeks to do.    The court rejected the evidence upon full consideration of the law, saying :

" The defendant Kern wrote his name on the back of the note without restriction or qualification.    That alone imports a contract just as well known in the law as if it was all written out over the signature."

This case must settle the one under discussion if there is any virtue in precedent or authority.

In the case of *Butler vs. Paine,* 8 *Minn.* 329, an attempt was made to show a parol agreememt that a draft payable in " currency" was to be paid in the currency of Illinois and Wisconsin at a discount for gold.    The court rejected the evidence on the same principle asserted in the previous cases.

See also *Schuermeier vs. Johnson,* 10 *Minn.* 319 ; *Wemple vs. Knopf,* 15 *Minn.* 440 ; 1 *Green, Ev.* 12*th Ed.,* secs. 275–6 ; *Heywood vs. Perrin,* 10 *Pick.* 228 ; *Dale vs. Gear, Am. Law Reg.,* Jan'y 1873, *p.* 14.

*By the Court.*—McMillan, J.—The defendant, the payee in the bill of exchange involved in this action, endorsed the same in form to the plaintiff or order, before its maturity and for a valuable consideration.    Upon the trial, the plaintiff having rested, the defendant after the proper preliminary proof offered in evidence an instrument, of which the following is a copy :

" St. Paul, Minn., Aug. 3, 1870.

" This is to certify that in consideration of the discount

allowed on drafts of H. Eames & Co., on L. F. Hodges & Co., of Milwaukee, payable to the order of the National Marine Bank, which I have purchased, or may hereafter purchase, the said National Marine Bank shall not be held responsible as endorser.

5 cts. stamp. . H. THOMPSON, President;" and offered to prove in connection therewith, that at the time when the endorsement of the bill in suit was made, it was verbally agreed between the parties that the endorsement of this draft should come under this contract; to which the plaintiff objected, on the ground that it is incompetent to vary the contract of endorsement by parol. The court sustained the objection and the defendant excepted.

" The defendant then offered to prove that at the time· this endorsement was made, the defendant was the owner and holder of the⸱ bill of exchange, and offered to sell it to the plaintiff under the foregoing contract; that plaintiff accepted the offer and consented to purchase it under that contract, and upon the terms and conditions stated in it; that there·upon the defendant sold the bill to .the plaintiff under that contract, and endorsed it only for the purpose of passing the title;. and that on that sale and endorsement, defendant allowed to plaintiff $83.90, as a consideration for receiving it under that contract, and to prove all this, except the said written contract, by oral testimony." The written contract offered in evidence is plain and unambiguous in its terms; its subject matter is distinctly specified, and cannot by explanation or construction embrace the bill in this action, and it. was made and entered into more than three months prior to the execution of the bill of exchange upon which this action is brought. These facts would seem to place it beyond doubt that the only relation or connection of the written contract referred to, with the sale of the bill in suit, is that which may

First National Bank of St. Paul v. National Marine Bank of St. Paul.

exist by virtue of the alleged parol agreement at the time of the endorsement of the bill.

The facts alleged in the defendant's answer, and of which proof was offered, show only a parol agreement for the sale of the bill under the written contract and upon the terms and conditions stated in it. This parol agreement of sale did not make the written instrument mentioned the contract of sale between the parties; its only effect was to make it by reference evidence of the terms and conditions of the parol sale. The only question to be determined, therefore, is, whether, as between the payee of a negotiable bill and his immediate indorsee, when a written indorsement by the payee to the order of the indorsee is made for value and before maturity, evidence of a parol contemporaneous contract that the endorser should not be held responsible, and that the endorsement was only for the purpose of passing the title to the bill, is competent or admissible. The general rule in this state and elsewhere certainly is, that the indorsement of a negotiable note or bill before maturity by the payee, creates an absolute warranty to the immediate and subsequent endorsees, among other things, that the maker or acceptor will pay it on due presentment when it is due, but that if he does not the endorser will pay it if due notice is given him of such dishonor; and evidence of a parol contemporaneous contract varying or contradicting such indorsement as to any of its terms is not admissible. *Kern vs. Von Phul et al.*, 7 *Minn.* 426; *Dale vs. Gear*, 38 *Conn.* 15.

The evidence offered would certainly contradict and materially change the contract of indorsement in this case, and under the general rule and the decisions of this court in several cases would not be admissible. *Levering & Morton vs. Washington*, 3 *Minn.* 323; *Kern vs. Von Phul et al.*, 7 *Minn.* 426.

But the defendant's counsel claims that there are exceptions

to this rule : " as, where from the relations of the parties, or any antecedent agreement or circumstances, it would operate as a fraud, to enforce the ordinary liability upon the endorser." And that in the case at bar, " the plaintiff in suing upon the indorsement, is endeavoring to pervert it to a use never intended ; to a fraudulent purpose."

This whole subject is well considered in *Dale vs. Gear, supra,* cited by both parties. The general rule is distinctly laid down, and the exceptions recognized and well defined. We cannot better state these exceptions than in the language of the learned judge who delivered the opinion in that case. " There are four classes of cases in which, as exceptional cases, and as between the original parties, indorser and indorsee, any relation, antecedent agreement, or state of facts from which a controlling equity arises, may be pleaded and proved by parol in bar of an action on the warranty. Thus the relation of principal and agent may be shown—for the agent takes no title or warranty from the indorser, but holds *as agent.* So, secondly, it may be shown that the note was indorsed to the holder for some special purpose and is holden *in trust,* as where it is indorsed and delivered for collection merely. *Lawrence vs. Stonington Bank,* 6 Conn. 521, is an example of this class of cases.     *     *     " In like manner, thirdly, the relation of principal and surety may be shown, and the endorsement was made at the request and for the accommodation of the immediate indorsee, for the equity of the relation forbids the enforcement of the contract. Such was *Case vs. Spaulding,* 24 Conn. 578. So, fourthly, it may be shown that there was an *equity* arising from an *antecedent transaction,* including an agreement that the note should be taken in sole reliance on the responsibility of the maker, and that it was indorsed in order to transfer the title in pursuance of such agreement, and that

the attempt to enforce it is a *fraud.* Such was *Downer vs. Cheese-brough,* 36 *Conn.* 39."

The case at bar certainly does not come within either of the first three classes of exceptions just stated. Does it come within the fourth class ? The only antecedent transaction between these parties was the sale and endorsement under the written contract, of certain drafts specified in that contract, which, so far as appears, had no connection whatever with the draft in this action ; and as we have heretofore shown the only connection or relation of that contract with the sale and endorsement of the bill in this action is that which exists by virtue of the alleged parol agreement at the time of the endorsement of this bill ; and that the only effect of this parol agreement was to make the written contract referred to evidence of the terms and conditions of the parol sale of the bill in suit ; there is, therefore, no connection between the antecedent transaction, witnessed by the written contract, and the one under consideration, out of which any equity could arise effecting the subject matter of this action.

But we understand the defendant's counsel to urge, that proof of the parol contract was admissible, because if such parol contract were proved, the attempt by the plaintiff to enforce the written contract of endorsement would be an endeavor " to pervert it to a use never intended ; to a fraudulent purpose." This argument begs the question. The rule recognized and enforced, both at law and in equity, is that where parties reduce their agreement to writing, the writing is the only evidence of the agreement, and evidence of a prior or contemporaneous parol agreement is not admissible for the purpose of varying or contradicting the written agreement. It is only where fraud, mistake or surprise in making the agreement exists, that the rule is qualified. Neither fraud, mistake or surprise in making this contract is alleged. The

parties did just what they intended to do, and are presumed to know the law as to the effect of their actions. In bringing this action to recover upon this written endorsement, the plaintiff is seeking to enforce its legal rights thereunder. To show that in attempting to enforce this written contract he is endeavoring to pervert it to a use never intended, the defendant must show that the contract made between them was materially different from the written contract in evidence, and this he must do by competent evidence.

The law does not recognize or concede the existence of any agreement until competent evidence of it is offered. The rule referred to prescribes what that evidence shall be, and under it the evidence offered by the defendant was not competent; the parol contract, therefore, could not be proved. The evidence was properly rejected.

The order denying a new trial is affirmed.