ELVIRA E. BARNARD vs. WILLIAM H. GASLIN; impleaded, etc.

October 25, 1876.

Parol Evidence to Vary Endorsement.—The rule in *Levering* v. *Washington*, 3 Minn. 323; *Kern* v. *Von Phul*, 7 Minn. 426; *First National Bank* v. *National Marine Bank*, 20 Minn. 63, followed.

Action on a promissory note, made by the defendant W. A. Stanchfield to the order of defendant Gaslin, and by him endorsed. Answer, (by defendant Gaslin,) a general denial. At the trial in the court of common pleas of Hennepin county, before *Young*, J., (a jury being waived,) the following findings of fact were made by the court. Prior to June 8, 1873, the plaintiff lent to defendant Stanchfield $2,000, upon the agreement that Stanchfield

should furnish the defendant Gaslin as security. Pursuant to this agreement Stanchfield made his note for $2,000, payable to the order of Gaslin, who wrote his name across the back of it, and it was delivered to plaintiff, who thereupon paid over the $2,000 to Stanchfield. The note not being paid at maturity, it was agreed between plaintiff and Stanchfield that a new note for the amount due, and interest, should be given, with Gaslin as security, and that the time for payment should be extended three months, and the old note given up. Pursuant to this agreement the defendant Stanchfield made the note in suit, for $2,266, bearing date June 9, 1873, and payable three months after date to the order of the defendant Gaslin, who wrote his name across the back of it, and it was delivered to plaintiff, and the old note taken up. This note has not been paid, and no steps have been taken to charge defendant Gaslin as endorser. No consideration ever moved from Gaslin to Stanchfield for the note, but Gaslin signed his name on the back of it before delivery, and for the sole purpose of securing the payment of the sum therein promised to be paid, and to induce plaintiff to surrender the first note above mentioned.

The conclusions of law found by the court were as follows :

1. That the defendant W. H. Gaslin being the payee of the promissory note upon which this action is brought, his relation is such that he cannot in law be held to be the maker of such note, even though his endorsement was for the purpose of giving credit to the note.

2. That the endorsement, by the payee, of a negotiable promissory note, amounts in law to a contract on the part of such endorser, in which he undertakes to pay the note in case the maker fails to pay at maturity, and of which failure he has due notice ; and his liability in this regard cannot be varied or qualified by a parol agreement or understanding simultaneous with that of the endorsement ; and, hence, parol evidence will not be received to vary this well-recognized legal contract.

v.23m—13

3. That where a party who is a stranger to the note endorses the same before delivery, the law does not define the character of the contract or obligation created by such endorsement, and, therefore, parol evidence will be received to determine what the contract was — whether that of a guarantor or maker — and that the contract may not, because of its ambiguity, be defeated; and whereas, in this case, the law defines the nature of the contract, and the manner in which the endorser may be held by proper legal steps, the court will not receive parol evidence to prove another and different contract from that defined by law.

Judgment was accordingly ordered and entered for defendant Gaslin, a new trial was refused, and plaintiff appealed.

*Shaw & Levi*, for appellant.

The intent of the parties was that, on default of payment by Stanchfield, Gaslin, as surety, was to be absolutely bound, without demand or notice; and it was competent to explain the blank endorsement by parol evidence showing the actual agreement of the parties. This is not to contradict or vary a written contract, but to show that the contract ordinarily implied in law from a blank endorsement by a payee should not be implied in this case. The case is within the reason of those which hold that parol evidence is competent to show that one of the makers of a note signed as surety, (*Emons* v. *Overton*, 18 B. Mon. 643; *Pollard* v. *Stanton*, 5 Ala. 451; *Bank of St. Mary's* v. *Mumford*, 6 Ga. 44; *Ward* v. *Stout*, 32 Ill. 399; *Grafton Bank* v. *Kent*, 4 N. H. 221; *Adams* v. *Flanagan*, 36 Vt. 400; *Riley* v. *Gregg*, 16 Wis. 666,) to show that the real contract of one who appears to be an endorser was that of guarantor, surety, or maker, (*Watkins* v. *Kirkpatrick*, 2 Dutch. 84; *Josselyn* v. *Ames*, 3 Mass. 274; *Nelson* v. *Dubois*, 13 John. 175; *Griswold* v. *Slocum*, 8 N. Y. 207; *Pierse* v. *Irvine*, 1 Minn. 369; *McComb* v. *Thompson*, 2 Minn. 139; *Marienthal* v. *Taylor*, 2 Minn. 147; *Peckham*

v. *Gilman,* 7 Minn. 446 ; *Robinson* v. *Bartlett,* 11 Minn. 410 ; *Rey* v. *Simpson,* 22 How. 341,) and to show the true capacity in which, or contract by which, the endorser is to be held ; (*Scammon* v. *Adams,* 11 Ill. 575 ; *Dick* v. *Martin,* 7 Humph. 263 ; *Harris* v. *Pierce,* 6 Ind. 162 ; *Friend* v, *Beebe,* 3 Greene, (Iowa,) 279 ; *Baker* v. *Prentiss,* 6 Mass. 430 ;) to prove an agreement to waive demand and notice ; (*Kimbro* v. *Lamb,* 3 Humph. 17 ; *Dick* v. *Martin,* 7 Humph. 263 ;) to show the place where payment was to be demanded ; (*Brent* v. *Bank of Metropolis,* 1 Peters, 89 ; *McKee* v. *Boswell,* 33 Mo. 567 ;) and to show extension of time ; *Peck* v. *Beckwith,* 10 Ohio St. 497 ; *Friend* v. *Beebe,* 3 Greene, (Iowa,) 279.

" The liability of an endorser to his immediate endorsee arises out of a contract between them, and this contract in no instance consists exclusively in the writing popularly called an endorsement—which is necessary to the existence of the contract—but arises out of the written endorsement itself, the delivery of the bill to the endorsee, and the intention with which the delivery was made and accepted, as evidenced by the words either spoken or written by the parties, and the circumstances—such as the usage of the place, and the course of dealing between the parties—under which the delivery takes place." *Castrique* v. *Buttigieg,* cited 10 Moore P. C. C. 94, cited in Byles on Bills, 267. The same doctrine is held in *Pike* v. *Street,* 1 Moody & Malkin, 226 ; *Kidson* v. *Dilworth,* 5 Price, 264 ; *Johnston* v. *Martinus,* 4 Halst. 144 ; *Bruce* v. *Wright,* 3 Hun, 548 ; *Comparree* v. *Brockway,* 11 Humph. 355 ; and where the note endorsed is non-negotiable, *Hall* v. *Newcomb,* 7 Hill, 416 ; *Cromwell* v. *Hewitt,* 40 N. Y. 491.

The true rule is laid down by *Washington,* J., in *Susquehanna Bridge Co.* v. *Evans,* 4 Wash. C. Ct. 480, as follows : " The reasons which forbid the admission of parol evidence to alter and explain written agreements and other instruments do not apply to those contracts implied by operation of law—such as that which the law implies in respect to the

endorser of a note of hand." This statement of the law is supported by Byles on Bills, 267, and the English cases already cited, and has been followed and approved in *Watkins* v. *Kirkpatrick*, 2 Dutch. 84; *Johnson* v. *Martinus*, 4 Halst. 144; *Bruce* v. *Wright*, 3 Hun, 548; *Ross* v. *Espy*, 66 Penn. St. 481; *Patterson* v. *Todd*, 18 Penn. St. 426; *Barclay* v. *Weaver*, 19 Penn. St. 396; *Hill* v. *Ely*, 5 Serg. & Rawle, 363; *Miller* v. *Henderson*, 10 Serg. & Rawle, 290; *Bank* v. *Fordyce*, 9 Penn. St. 275.

In *Levering* v. *Washington*, 3 Minn. 323, the distinction between express and implied contracts as subject to explanation by parol evidence was not taken. Moreover, this case is distinguishable from that, for here it is expressly found that the loan was made, and the note executed, on the agreement that Stanchfield should give Gaslin " as security," and that Gaslin signed the note " for the sole purpose of securing the payment," etc. The word " security " has an established meaning, and imports an absolute undertaking, (*Marberger* v. *Pott*, 16 Penn. St. 9,) and defendant Gaslin's contract was, therefore, that of suretyship, and not of endorsement.

*W. E. Hale*, for respondent.

GILFILLAN, C. J. The defendant Gaslin, who had endorsed a note payable to his order, and which was delivered to the plaintiff, is attempted to be held upon the note, notwithstanding failure to serve him with notice of non-payment, by oral testimony that the actual contract between the parties was other than that of endorser and endorsee. No fraud or mistake, such as to avoid the endorsement, or justify a reformation of the written contract, is alleged. The case comes within the rule laid down in *Levering* v. *Washington*, 3 Minn. 323; *Kern* v. *Von Phul*, 7 Minn. 426; *First National Bank* v. *National Marine Bank*, 20 Minn. 63, which held that oral testimony was not competent to vary the contract of endorsement.

Order affirmed.