## C. R. Coon *vs.* A. K. Pruden and another.

### June 24, 1878.

**Note of Partner Endorsed by Firm.**—A member of a firm made a promissory note, payable to the order of the firm, and it was endorsed by the firm. *Held*, that the relation of the firm to the note is that of endorser, and cannot be varied by parol, and that a demand upon the maker is necessary to charge the firm.

This action was brought in the district court for Ramsey county against the defendants A. K. Pruden and Annette L. Hare, formerly copartners as A. K. Pruden & Co., on a promissory note signed A. K. Pruden, payable to the order of A. K. Pruden & Co., and endorsed in the same partnership name. Pruden having been adjudged a bankrupt, proceedings were stayed as to him individually, and the only question litigated at the trial before *Brill*, J., was upon the liability of the copartnership upon the note. At the close of plaintiff's case the court ordered a dismissal of the action; a new trial was refused, and plaintiff appealed.

*Davis, O'Brien & Wilson,* for appellant.

*H. J. Horn,* and *Simonton & Reid,* for respondents.

GILFILLAN, C. J. Action upon a promissory note, made by A. K. Pruden, payable to the order of A. K. Pruden & Co., a firm of which the maker was a member, endorsed by the firm, and coming into the hands of plaintiff. No demand for payment, or notice of non-payment to the endorsers, was proved. The plaintiff claimed to prove, by parol, that at the making of the note, it was intended that the firm should be the makers, and that they endorsed it for that purpose, and not for the purpose of assuming merely the liability of endorsers. The action was dismissed.

The case is not analogous to those in which parol evidence has been admitted to show the character which a party, writing his name on the back of a note, intended to assume. That can be done only where such character is not shown by

the writing itself, as where, at the time of making a note, a party other than the payee endorses it.   *McComb* v. *Thompson*, 2 Minn. 114 (139.)   Where the payee endorses it, the liability intended to be assumed appears from the writing itself, and such intention, as shown by the writing, cannot generally be varied by parol.   *Levering* v. *Washington*, 3 Minn. 227 (323;)   *First National Bank* v. *National Marine Bank*, 20 Minn. 63; *Barnard* v. *Gaslin*, 23 Minn. 192.

The defendants must be held as endorsers, or not at all. Their liability as endorsers never matured, for there was no demand of payment from the maker.   It may be true, as indicated in some decisions, that the maker being a member of the firm which endorsed the note, his knowledge that it was not paid served as notice to the firm of its non-payment. But his liability and promise as maker being several and distinct from the liability and promise of the firm as endorsers, and the latter conditional upon the non-performance of the former according to its terms, there is no reason why, and no case cited has held that the relation existing between them shall vary the character of the contracts, or excuse the doing of what is required to mature the liability of the endorser.   A demand upon the maker was necessary, and, there being none, the order appealed from is affirmed.