PEOPLE'S BANK OF MINNEAPOLIS *vs.* CHELSEA J. ROCKWOOD *et al.*

Submitted on briefs Dec. 3, 1894. Affirmed Dec. 14, 1894.

No. 9127.

**When a party to a note is indorser and not a maker.**

Where, for the purpose of securing a debt due to A. from B., C. makes a note payable to the order of B., and B. and D. indorse the same, and the note is delivered to A., *held* the nominal payee, B., is an indorser, and not a maker.

**When he is second indorser.**

The name of D. being signed under that of B., *held* D. is not a maker, but a second indorser.

**No estoppel from an objection to evidence at a trial.**

*Held*, a party whose objection is sustained to competent evidence to prove a fact is not estopped to say that the fact has not been proved.

Appeal by plaintiff, the People's Bank of Minneapolis, from an order of the District Court of Hennepin County, *Seagrave Smith, J.*, made June 30, 1894, granting defendants' motion for a new trial after verdict for plaintiff.

On August 19, 1892, S. K. Howes made his promissory note whereby he promised to pay to the order of Edward D. Smith three months thereafter without grace five hundred dollars. Smith then wrote his name across the back of the note and procured Chelsea D. Rockwood to do the same under his name. The note was then discounted by the bank. When it fell due it was presented for payment, but was not paid, whereupon it was protested for nonpayment and notice given the two indorsers. Plaintiff then brought this action on the note against the maker, S. K. Howes, and the two indorsers, Edward D. Smith and Chelsea D. Rockwood, but Howes was not served and did not appear in the action. The indorsers answered that the note was made and so indorsed for the accommodation of defendant Smith, and that he procured plaintiff to discount it and paid plaintiff $20 as interest thereon to its maturity and they claimed the note to be usurious and void. Plaintiff replied denying the usury. The issues were tried May 8, 1894. The plaintiff's evidence showed that on November 18, 1891, it bought of one George H. Fletcher a note for

$500 due three months thereafter made by Howes and indorsed by Smith and Rockwood. The Bank paid Fletcher $470 for that note. When it fell due February 18, 1892, it was renewed, and was again renewed in May, and again in August, when the note in suit was given. Plaintiff read the note in evidence and offered the notary's certificate of protest and of service of notice on the indorsers. The defendants objected and the Judge taking the view that the indorsers were under the circumstances makers of the note, excluded the evidence as immaterial. Defendants offered no evidence and the Judge instructed the jury to return a verdict for plaintiff for the amount then due on the note. Defendants excepted to this instruction and afterwards moved for a new trial, which the court granted because on reflection it appeared that these two defendants were indorsers and not makers and as the notary's certificate was excluded there was no evidence in the case of protest and notice. Plaintiff appeals and assigns error as follows:

The court erred in granting the defendants' motion for a new trial: 1. Defendants were original makers of the note, and it was not necessary to notify them of demand and nonpayment. 2. The certificate of protest having been excluded on objection of defendants they cannot complain of its exclusion and thus take advantage of their own wrong. 3. Because as the evidence stood when plaintiff and defendants rested, it was the duty of the court to order a verdict for the plaintiff.

*Samuel M. Davis* and *George D. Emery*, for appellant.

Where the payee in a note signs his name on the back of it before delivery for the purpose of giving it credit, will he be an indorser or a maker? *Peckham* v. *Gilman*, 7 Minn. 446; *Stein* v. *Passmore*, 25 Minn. 256; *Dennis* v. *Jackson*, 57 Minn. 286.

A party who objects to competent evidence to prove a fact cannot afterwards say that the fact was not proved. *Thompson* v. *McKay*, 41 Cal. 221; *Marquette H. & O. R. Co.* v. *Marcott*, 41 Mich. 433; *City Bank of Brooklyn* v. *Dearborn*, 20 N. Y. 244; Bigelow Estoppel, p. 602.

A party cannot assume an inconsistent position in legal proceedings. To permit respondents to take advantage of their own mistake and wrong to the injury and prejudice of the appellant cannot

be consistent with the ends of justice. *McQueen* v. *Gamble*, 33 Mich. 344; *Callaway* v. *Johnson*, 51 Mo. 33; *Glover* v. *Benjamin*, 73 Ill. 42; *Hull* v. *Johnston*, 90 Ill. 604; *Smith* v. *Rathbun*, 75 N. Y. 122.

*Little & Nunn*, for respondents.

The assignment of errors is not sufficient to entitle appellant to be heard in this court. *Selover* v. *Bryant*, 54 Minn. 434; *Duncan* v. *Kohler*, 37 Minn. 379; *Wilson* v. *Minnesota F. M. F. Ins. Ass'n*, 36 Minn. 112; *Stevens* v. *City of Minneapolis*, 42 Minn. 136.

Smith and Rockwood were regular indorsers and not anomalous indorsers or joint makers. To hold them it is necessary to show demand of payment and notice to them of nonpayment. *Coon* v. *Pruden*, 25 Minn. 105.

There is no inconsistency in defendants' positions at the trial and on the motion for a new trial. They contended that the certificate was not competent or admissible evidence under the allegations of the complaint. The trial court agreed with them and excluded the paper, but that did not absolve the plaintiff from the duty of proving the protest and notice to defendants by other and competent evidence; nor did it work an estoppel as to the facts.

When the court directed a verdict there was no evidence before it of protest or notice to justify such instruction. Plaintiff's remarkable theory of estoppel as applied to this record will not supply the proof.

CANTY, J. The assignments of error are sufficient.

1. The complaint is on a promissory note for $500, made by the defendant Howes to the order of the defendant Smith, and indorsed on the back by Smith and the defendant Rockwood. The name of Rockwood is written under that of Smith, and they both admit in their answers that the defendant Howes and Rockwood signed the note before its delivery for the accommodation of the defendant Smith, who delivered it to plaintiff to secure a claim held against him by it.

One of the questions presented is whether Smith and Rockwood are to be held as makers of the note or only as indorsers. It is well settled by the decisions of this and other courts that under such circumstances the nominal payee of the note, who signs his name on the back thereof, cannot be held as a maker, but only as an indorser.

*Coon* v. *Pruden*, 25 Minn. 105; *Barnard* v. *Gaslin*, 23 Minn. 192, and cases cited; 1 Daniel, Neg. Inst. § 707, and cases cited.

The name of Rockwood is signed under that of the nominal payee. The authorities hold that in such a case Rockwood is not the anomalous indorser who is held as a maker, but only a second indorser. 1 Daniel, Neg. Inst. §§ 707, 707b; *Clapp* v. *Rice*, 13 Gray, 403; *Dubois* v. *Mason*, 127 Mass. 37; *Greusel* v. *Hubbard*, 51 Mich. 95, (16 N. W. 248.) It is well settled that the indorser before delivery who can be held as maker is the anomalous indorser, who neither in fact nor as a matter of form can be considered as having been payee or holder of the note when he indorsed the same. See *Dennis* v. *Jackson*, 57 Minn. 286, (59 N. W. 198;) *Stein* v. *Passmore*, 25 Minn. 256, and cases cited. But in the present case, as a matter of form, it can be considered that Rockwood was a holder of the paper when he indorsed it. It appeared from the instrument itself, unexplained, that Smith was the real payee, that he indorsed and transferred it to Rockwood, who in turn indorsed and transferred it. The law says that the parties intended to bind themselves by the relations thus apparently assumed, and that therefore they are indorsers, and not makers. 1 Daniel, Neg. Inst. §§ 707, 707b, and cases cited. The parties must be held as on the face of the note when negotiated they had agreed to be held.

2. On the trial the plaintiff offered evidence to prove that at the maturity of the note payment had been duly demanded and refused, and notice thereof duly given to Smith and Rockwood. These two defendants objected to it as incompetent and immaterial, and the objection was sustained. The plaintiff then rested. The defendants offered no evidence, and a verdict was ordered for plaintiff on its motion for the amount of the note. A new trial was afterwards granted on the motion of these two defendants, for the reason that they could be held only as indorsers, and no demand and notice of nonpayment had been proved. From that order plaintiff takes this appeal, and contends that these defendants are estopped to urge that there was no proof of such demand and notice of nonpayment. It is urged that a party who objects to competent evidence to prove a fact is estopped to say that the fact is not proved, citing authorities, none of which sustain the position except Bigelow on Estoppel

(602), and it is not sustained by the single case it cites, when that case is examined.

We are not willing to adopt the rule contended for; while it would serve the ends of justice in some instances, in others it would not. The party objecting would be in danger of waiving his rights if he did not object, and of losing his rights if he did object, because, if his objection was sustained, he could not offer evidence to disprove the evidence thus ruled out. Under such a rule the opposite party would often refuse to take the risk of objecting to incompetent evidence, the introduction of which would confuse the issues, prolong the trial, and waste the time of the court.

This disposes of the case, and the order appealed from should be affirmed. So ordered.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 457.)