ADELE H. PORTER v. WINONA & DAKOTA GRAIN COMPANY
and Another.

November 29, 1899.

Nos. 11,832—(164).

### Promissory Note of Corporation Payable to Its Officer.

A negotiable promissory note executed in behalf of a corporation by its president, and in which he is named as payee, is prima facie void as to such corporation.  The burden is upon the holder of such an instrument to show that it is in fact the obligation of the corporation.  Proof that it was made payable to the order of the president at the request of the holder does not tend to establish a corporate obligation.

### Acts of Officer not Binding upon Corporation.

Acts of the president with respect to such a note, such as partial payment with the funds of the corporation, do not bind it, as a ratification of the unauthorized execution of the note, or otherwise.

Failure of Proof.

> *Held*, in the case at bar, that the plaintiff wholly failed to make out a case for recovery on such a note as against the corporation.

Amendment of Complaint.

> *Held*, further, that the court ruled correctly when denying plaintiff's motion for leave to amend the complaint so as to charge the president, who, when delivering the note to plaintiff, had placed his name on the back of the same, as an anomalous indorser, and also that it ruled correctly when dismissing the case as to the payee indorser on the ground of a failure of proof of notice of demand and nonpayment.

Action in the district court for Winona county to recover a balance of $1,800 on a promissory note purporting to be executed by defendant company to the order of defendant W. H. Garlock and by him indorsed. The case was tried before Snow, J., who granted a motion to dismiss the action as against defendant Garlock, and directed a verdict in favor of defendant company. From a judgment entered pursuant to the order of dismissal and the verdict, plaintiff appealed. Affirmed.

*O. B. Gould,* for appellant.

*Webber & Lees* and *C. A. Morey,* for respondents.

COLLINS, J.

The note in controversy here was made payable to the order of W. H. Garlock, and signed, "The Winona & Dakota Grain Co., by W. H. Garlock, Pres." It was then indorsed on the back by Garlock, and delivered to plaintiff's agent for her. Garlock was the president of the grain company at the time of the transaction.

1. Plaintiff's counsel raises some question as to whether the execution of the note was denied under oath by the person executing it. G. S. 1894, § 5751. But this is wholly immaterial. The answer of the grain company was good as a pleading, for it put in issue the execution and delivery of the note; and it was held in McCormick Harvesting Machine Co. v. Doucette, 61 Minn. 40, 63 N. W. 95, that the statute is not a rule of pleading, but of evidence, the only effect of defendant's failure to comply with it being to cast upon him the burden of the issue as to the execution and delivery. If, then, the answer did amount to a denial, under this statute, the

burden on this issue was with plaintiff; and, if it did not, it was on the defendant.

At the trial the plaintiff introduced the note in evidence, and then, without objection, accepted the suggestion of the court, and produced witnesses as to the execution and delivery of the note. It was shown that Garlock signed the note after it had been made out, by his direction, by the treasurer of the company; that Garlock signed all of its commercial paper; that a payment had been made thereon by him in behalf of the company, and out of its funds; and that subsequently the treasurer had refused to pay the balance, claiming that it was not an indebtedness of the company. There was no attempt on the part of the plaintiff to show the consideration for the paper, or that to any extent the grain company had been pecuniarily benefited by it. The plaintiff also introduced testimony as to the indorsement by Garlock, but failed to show that he had at any time been notified of its nonpayment. There was no claim made in the pleadings or by the evidence that Garlock had been notified of, or that the note had been protested for, nonpayment; and, when plaintiff rested, counsel for defendant Garlock moved that the case be dismissed as to his client, while counsel for the defendant grain company made a motion that a verdict be directed in favor of their client. Thereupon plaintiff's counsel moved to amend the complaint by alleging that Garlock placed his name on the back of the note at the time of its execution, and before delivery, for the purpose of giving it credit, as a part of the same transaction, and for the same consideration. This amendment the court refused to allow. It then granted the motion made in behalf of Garlock, but, as to the grain company, it held that a case had been made out for the jury. But when both parties rested, and upon the renewal of the motion in behalf of the grain company, the court directed, and the jury returned, a verdict in its favor.

2. The introduction of the note in evidence did not make a prima facie case for plaintiff, nor was there any other proof upon which the jury could have found that Garlock was authorized to execute and deliver such an instrument in behalf of the company of which he was president. It was made payable to his own order, and was prima facie void. It was made by the president of a corporation,

in its name, seemingly for his own accommodation, and thus bore on its face evidence of its invalidity. He could not, by virtue of his general authority as agent, bind the corporation in a contract made by him as such agent with himself; and he had no authority whatsoever, unless expressly given, to bind it by the execution and delivery of negotiable paper which apparently was issued for his own use and benefit. And notice of this want of authority was in the instrument itself. Third Nat. Bank v. Marine Lumber Co., 44 Minn. 65, 46 N. W. 145; Wilbur v. Lynde, 49 Cal. 290; Chemical v. Wagner, 93 Ky. 525, 20 S. W. 535; Anderson v. Kissam (C. C.) 35 Fed. 699.

As to the extrinsic testimony introduced by plaintiff for the purpose of making out a prima facie case, it was wholly insufficient. That Garlock executed and delivered bills and notes for the corporation had no tendency to show authority in him to execute and deliver one for his own accommodation; and that he had made a payment on the note in suit out of the corporation funds simply showed the performance of another unauthorized act, namely, his appropriation of company funds to the payment of what was apparently its note made for his accommodation. Later on in the trial it was proven that Garlock caused the note to be made out payable to his own order at the request of plaintiff's agent, but this evidence had no tendency to show that it was not just what it appeared to be,—the grain company's accommodation paper. In no way did it characterize the transaction, or tend to prove that the note was actually that of the company. The burden of proof was on the plaintiff to show that the obligation was in fact that of the company.

3. It is well to say that the efforts made to prove some sort of a ratification of the execution and delivery of this note were futile. Garlock's acts of recognition, if there were any, had no effect. For obvious reasons, he could not ratify his own unauthorized act, and thus bind the company, for his want of authority at the inception would continue to the end.

4. The plaintiff having wholly failed to make out a case for recovery as against the grain company, it is unnecessary to discuss the al-

leged errors of the court when ruling on the admission of evidence offered in defendants' behalf. If error, it was without prejudice.

5. The ruling with respect to the proposed amendment of the complaint so as to charge Garlock as an anomalous indorser (a signer on the back before delivery, and for the purpose of giving credit to the paper) was correct, even if, under the circumstances, the matter was not wholly one of discretion. The status of Garlock was defined and settled when the note was made payable to his order, and he placed his name on its back. Indorsement by the payee of a note imports a distinct, defined, and certain liability, and it cannot be shown by parol that his agreement was that of a maker instead of that of an indorser. Coon v. Pruden, 25 Minn. 105; Peoples Bank v. Rockwood, 59 Minn. 420, 423, 61 N. W. 457; Bowler v. Braun, 63 Minn. 32, 65 N. W. 124. It follows that the case was properly dismissed as to Garlock.

Judgment affirmed.