## C. H. BURWELL v. E. S. GAYLORD.[1]

November 29, 1912.

Nos. 17,725—(52);

**Complaint defective.**

A complaint on a promissory note against an indorser, which fails to allege notice of dishonor, is demurrable.

**Promissory note — liability of indorsing payee.**

The legal obligation of an indorsing payee on a promissory note is that of indorser only, and cannot be considered, or proven to be, that of a maker.

Action in the municipal court of Minneapolis to recover $200 upon a promissory note. From an order, Montgomery, J., overruling defendant's demurrer to the complaint, he appealed. Reversed and remanded for further proceedings.

*M. L. Fosseen* and *W. A. McDowell,* for appellant.

*Henry Deutsch, Breding & Fligelman* and *Walter S. Whiton,* for respondent.

HOLT, J.

Suit on a promissory note. A demurrer to the complaint was overruled and defendant appeals.

The complaint alleges that one George W. Hale, on October 8, 1908, executed and delivered his promissory note whereby he promised to pay to the order of defendant herein $200 in six months from date, with interest. It is then alleged that before delivery of the note, defendant, for value, indorsed his name thereon for the pur-

[1] Reported in 138 N. W. 685.

pose of giving credit thereto and inducing plaintiff to accept the same, and that plaintiff did accept and is the holder of the note. It is also alleged that at maturity the note was presented for payment and payment refused.

There is one fatal defect in the complaint in that it fails to allege notice of dishonor to defendant. Michaud v. Lagarde, 4 Minn. 21 (43) 8 Cyc. 126, and cases there cited. The pleading is evidently drawn in an attempt to make defendant, the payee named in the note, a maker. But under an unbroken line of decisions in this state, this may not be done. Levering & Morton v. Washington, 3 Minn. 227 (323); Barnard v. Gaslin, 23 Minn. 192; Coon v. Pruden, 25 Minn. 105; People's Bank v. Rockwood, 59 Minn. 420, 61 N. W. 457; Bowler v. Braun, 63 Minn. 32, 65 N. W. 124; and Porter v. Winona & Dakota Grain Co. 78 Minn. 210, 80 N. W. 965.

Barnard v. Gaslin, supra, approves the trial court's conclusion of law: "That the defendant, W. H. Gaslin, being the payee of the promissory note upon which this action is brought, his relation is such that he cannot, in law, be held to be the maker of such note, even though his endorsement was for the purpose of giving credit to the note."

In Coon v. Pruden, supra, where there was an attempt to prove that defendants intended to become makers by their endorsement, though named as payees, Chief Justice Gilfillan says: "The case is not analogous to those in which parol evidence has been admitted to show the character which a party, writing his name on the back of a note, intended to assume. That can be done only where such character is not shown by the writing itself, as where, at the time of making a note, a party other than the payee endorses it."

The defendant in the case before us is named as payee in the note, and when he placed his name on the back thereof his legal obligation became complete, clear and unambiguous to the effect that if the note, when due, was presented to the maker for payment and not paid, he, the defendant, would, upon due notice of dishonor, pay. In Dennis v. Jackson, 57 Minn. 286, 59 N. W. 198, an attempt was made to prove that one, not the payee, who wrote his name on

the back of the note before delivery was an endorser and not a maker, but this court held it could not be done. The same reasoning forbids the payee endorser from being shown as maker. The rule established by the cited cases in this state obtains in other jurisdictions as appears from the following among others: First Nat. Bank v. Payne, 111 Mo. 291; Finley v. Green, 85 Ill. 535; Bigelow v. Colton, 13 Gray, 309; Dubois v. Mason, 127 Mass. 37.

The order overruling the demurrer to the complaint must therefor be reversed and the action remanded for further proceedings.