*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1070**

S. M. K., petitioner,
Respondent,

vs.

D. M. W.,
Appellant.

**Filed March 2, 2015
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-PA-FA-08-797

Lisa M. Elliott, Elliott Law Offices, P.A., Minneapolis, Minnesota (for respondent)

Mark M. Gray, Gray Law, Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant-father challenges the district court's order allowing respondent-mother to move the residence of the parties' minor son to Florida and its attendant parenting-time

order. Because the district court did not abuse its discretion by allowing the move or in establishing a parenting-time schedule, we affirm.

## FACTS

Appellant-father and respondent-mother are the unmarried parents of one child, L.D.K., who was born on September 25, 2007. In 2008, the district court adjudicated appellant the father of L.D.K., awarded the parties joint legal custody, and awarded respondent sole physical custody. The district court also granted appellant "reasonable parenting time," without ordering a specific schedule.

In 2013, respondent moved the district court for an order allowing her to move L.D.K.'s residence to the State of Florida. Appellant opposed the request. Following a hearing on the motion, the district court concluded that it was in L.D.K.'s best interest to move to Florida with respondent and granted respondent's motion.

Appellant moved for amended findings, requesting numerous amendments and that he receive 25% parenting time, consistent with a statutory presumption. Respondent opposed appellant's request. The district court heard oral arguments from the parties and issued a written order addressing the statutory parenting-time presumption. The district court denied appellant's motion "in its entirety, except that [appellant] and his family may have additional parenting time with the minor child as agreed upon by the parties." The district court issued an amended order awarding "[a]ny additional parenting time for [appellant] and/or [appellant's] family, as agreed upon by the parties." This appeal follows.

2

# D E C I S I O N

## I.

We first consider appellant's argument that "the district court erred when it made findings allowing respondent-mother to move the residence of the parties' child to another state." Our review of the district court's decision "is limited to considering whether the [district] court abused its discretion by making findings unsupported by the evidence or by improperly applying the law." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) (quotations omitted). We "set aside a district court's findings of fact only if clearly erroneous." *Id*. "Findings of fact are clearly erroneous where an appellate court is left with the definite and firm conviction that a mistake has been made." *Id*. (quotation omitted).

A parent with whom a child resides may not move the child's residence to another state except upon court order or with the consent of the other parent, if the other parent has been awarded court-ordered parenting time. Minn. Stat. § 518.175, subd. 3(a) (2014). In determining whether to permit a parent to move a child's residence to another state, the district court must base its decision on the best interests of the child and must consider eight statutory factors. *Id*., subd. 3(b) (2014). Those factors are:

> (1) the nature, quality, extent of involvement, and duration of the child's relationship with the person proposing to relocate and with the nonrelocating person, siblings, and other significant persons in the child's life;
> (2) the age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration special needs of the child;

(3) the feasibility of preserving the relationship between the nonrelocating person and the child through suitable parenting time arrangements, considering the logistics and financial circumstances of the parties;

(4) the child's preference, taking into consideration the age and maturity of the child;

(5) whether there is an established pattern of conduct of the person seeking the relocation either to promote or thwart the relationship of the child and the nonrelocating person;

(6) whether the relocation of the child will enhance the general quality of the life for both the custodial parent seeking the relocation and the child including, but not limited to, financial or emotional benefit or educational opportunity;

(7) the reasons of each person for seeking or opposing the relocation; and

(8) the effect on the safety and welfare of the child, or of the parent requesting to move the child's residence, of domestic abuse, as defined in section 518B.01.

*Id.*

Appellant assigns error to the district court's findings regarding the first, fourth, and eighth best-interests factors. As to the first factor, appellant cites a portion of the findings-of-fact section of the district court's order, which recites the parties' arguments regarding appellant's grandparents' involvement in L.D.K.'s life. Appellant argues that those findings "are just a recitation of the parties' claims," the district court "never resolved the matter of how much time the minor child spent with father and his grandparents versus mother and her family," and "[t]he court made no finding on the nature or quality of the child's relationship with the paternal grandparents." *See Dean v. Pelton*, 437 N.W.2d 762, 764 (Minn. App. 1989) (stating that merely reciting the parties' assertions does not constitute making findings of fact).

4

Appellant's argument ignores the fact that the district court's order includes four paragraphs of actual findings regarding the nature and extent of L.D.K.'s relationship with respondent, appellant, and appellant's grandparents. Those findings are contained in the conclusions-of-law section of the district court's order, where the district court described its analysis of each of the eight statutory best-interests factors. The district court stated:

> The minor child has primarily resided with [respondent] since his birth. [Respondent's] mom has provided her and the minor child a home rent-free since the minor child was born. [Respondent] desires to join her mom and two brothers in Florida, as they relocated to Wesley Chapel, Florida . . . . [Respondent] and the minor child would continue to reside with [respondent's] mother in Florida. [Respondent's] family is her support system and has provided stability and a life better than she could have provided if she were on her own with the minor child.

> [Appellant] has been involved on a minimal level with the minor child. [Appellant's] extended family has played a greater role in the minor child's life than the [appellant] himself. [Appellant] is granted reasonable parenting time per the parties 2008 Order Establishing Paternity, however, the court finds that he regularly only exercises parenting time with the minor child before he goes to work when the minor child is at his grandparent's house. The court finds that [appellant] will also, occasionally, see the minor child if his aunt bring[s] the minor child over to his house, again, before he goes to work at noon.

> Furthermore, [appellant's] current job requires him to work from noon until 10:00 p.m., Monday through Friday, thereby eliminating evening parenting time with the minor child. In addition, [appellant's] job also requires occasional travel days.

> In addition, the minor child is now enrolled in kindergarten, and therefore, spends the morning at school.

> Prior to attending kindergarten, the minor child went to daycare at [appellant's] grandparents' house every day. Said arrangement has allowed the minor child to consistently see his great grandparents and see [appellant] as above *supra*. However, now that the minor child is in kindergarten, daycare services are no longer needed.

If a finding of fact is labeled a conclusion of law or a conclusion of law is labeled a finding of fact, the determination will be treated in accordance with its nature and not its incorrect label; the relevant question is whether the determination is adequately supported. *Graphic Arts Educ. Found., Inc. v. State*, 240 Minn. 143, 145-46, 59 N.W.2d 841, 844 (1953). Thus, the district court's placement of factual findings in the conclusions-of-law section of its order is not a basis for reversal. Moreover, our review of the record reveals adequate support for the district court's findings regarding the first best-interests factor.

As to the fourth factor, the district court found that the "minor child is six (6) years old" and that "[a]lthough the child is a young age, he has expressed a desire to move to Florida." The district court also found that the "minor child understands that he will see [appellant's] family less, but states his desire to [respondent] to continue to live with [respondent], his maternal grandmother and [respondent's] brothers. The minor child is close to [respondent's] family and has lived with [them] all his life." Appellant questions whether it was appropriate for the district court to accept the preference of a six-year-old child and argues that "[w]hether mother manipulated the child should . . . have been of concern to the [district] court" and "[i]t was a mistake for the court to accept mother's claim without any inquiry whatsoever, and to make a conclusion of law based on it."

In its order denying appellant's request for amended findings, the district court found "no evidence in the record to support the allegation that the minor child cannot comprehend the meaning of the move to Florida," and it specifically found respondent "credible as to the minor child's desire to move with her and her family." *See Petersen v. Petersen*, 394 N.W.2d 586, 588 (Minn. App. 1986) (affirming a district court's determination that a seven-year-old child could express a custodial preference), *review denied* (Minn. Dec. 17, 1986). In determining whether a district court's finding of fact is clearly erroneous, this court gives deference to the district court's credibility determinations. *Goldman*, 748 N.W.2d at 284. Thus, the district court's findings on the fourth best-interests factor do not leave us with a definite and firm conviction that a mistake has been made.

As to the eighth factor, appellant contends that "[i]t was error for the court to fail to make findings on the effect of domestic abuse on its decision to allow relocation." Appellant argues, "[i]f Mother's [domestic abuse] allegations were not credible then perhaps Father's denial was more credible; perhaps Mother, who previously asked the parties' child for his opinion on the move used a false allegation against Father to satisfy one prong of the statute?" He asks, "[d]id abuse occur or did Mother fabricate the allegation to satisfy the eighth prong of the statute?"

Appellant's argument regarding the eighth factor misses the mark. Under that factor, the district court must consider the effect of domestic abuse on the safety and welfare of the child. Minn. Stat. § 518.175, subd. 3(b)(8). Here, the district court noted that "[respondent] asserts that [appellant] has been physically violent with the

7

[respondent] in the past and that he has a temper." But the district court stated that it "does not find there to be any sufficient evidence in the record to support [respondent's] assertions and the court will make no findings as to whether the minor child's safety or welfare will be affected by the relocation." Because the district court did not find that there had been domestic abuse, it was not necessary to make findings regarding the effect of domestic abuse on the safety and welfare of the child. S*ee Tuthill v. Tuthill*, 399 N.W.2d 230, 232 (Minn. App. 1987) (stating that, when the moving party failed to show the substantial change in circumstances required for a modification of maintenance, the district court did not need to make findings on other factors listed in the modification statute).

In sum, appellant has not demonstrated clear error in the district court's best-interests findings. Because the findings are supported by the evidence and the district court properly applied the law, its decision allowing respondent to move L.D.K.'s residence to Florida is not an abuse of discretion.

**II.**

We next consider appellant's argument that "the district court erred as a matter of law when it failed to award [him] parenting time of . . . 25%." "In the absence of other evidence, there is a rebuttable presumption that a parent is entitled to receive at least 25 percent of the parenting time for the child." Minn. Stat. § 518.175, subd. 1(g) (2014). Although subdivision 1(g) establishes a presumption, "parenting-time allocations that merely fall below the 25% presumption can be justified by reasons related to the child's best interests and considerations of what is feasible given the circumstances of the

8

parties." *Hagen v. Schirmers*, 783 N.W.2d 212, 218 (Minn. App. 2010). A district court must "demonstrate an awareness and application of the 25% presumption when the issue is appropriately raised and the court awards less than 25% parenting time." *Id.* at 217. The district court has "extensive" discretion when deciding parenting-time issues. *Manthei v. Manthei*, 268 N.W.2d 45, 45 (Minn. 1978).

Appellant points out that at most, the district court awarded him 51 days of parenting time per year and that the statutory presumption is for 91.25 days of parenting time per year. Appellant asserts that the "[district] court made no finding as to how and why 51 days/year were in the child's best interest instead of 91 days/year; and the [district] court made no finding whatsoever as to why 51 days/year were more feasible than 91 days/year."

Appellant first raised the 25% presumption in his motion for amended findings. Therefore, appellant raised the question "too late" for it to be properly before the district court. *See Allen v. Cent. Motors*, 204 Minn. 295, 298-99, 283 N.W. 490, 492 (1939) (stating that, after the district court issues a decision resolving the parties' contentions, "it is too late for counsel to present a new fact issue"). Furthermore, in its order denying appellant's motion, the district court stated:

> Due to [respondent] and minor child's relocation to Florida, the court finds that the feasibility of granting [appellant] 25% parenting time is not possible. The court granted [appellant] reasonable parenting time given the distance between the parties as it is not the court's intention to deprive [appellant] of meaningful time with the minor child. Furthermore, the court does not find it is in the best interests of the minor child to be away from [respondent] for longer than two (2) weeks given his age.

9

In sum, ignoring the fact that the question is not properly before us, the district court demonstrated an awareness of the 25% parenting-time presumption once the issue was raised in appellant's motion for amended findings. Moreover, the district court explained that its award of less than 25% parenting time was based on the child's best interests and what is feasible given the parties' circumstances. The district court properly applied the law and acted well within its extensive discretion in awarding appellant parenting time of less than 25%.

**III.**

Lastly, we consider appellant's argument that the district court erred by awarding him parenting time "as agreed to by the parties." Appellant argues that "[i]t was error for the court to delegate to mother its own responsibility to set a specific schedule of parenting time" and that parenting time "that will not occur '. . . unless agreed upon by the parties' is a cruel joke."

"[T]o the *extent practicable* an order for parenting time must include a specific schedule for parenting time, including the frequency and duration of visitation and visitation during holidays and vacations . . . ." Minn. Stat. § 518.175, subd. 1(e) (2014) (emphasis added). The district court ordered the following parenting-time schedule: "two periods of two week[s] during the summer months as agreed upon by the parties," one week during L.D.K.'s winter break, every spring break, every other Thanksgiving and Christmas holiday, and two of L.D.K.'s long weekend breaks from school as set forth in the school calendar. The district court also ordered "[a]ny additional parenting time for

[appellant] and/or [appellant's] family, as agreed upon by the parties." Appellant did not propose or request a more specific parenting-time schedule in district court.

Given L.D.K.'s young age and the need to accommodate travel arrangements between Minnesota and Florida, the court-ordered schedule is specific, to the extent practicable. Although the district court left it to the parties to agree on the precise dates necessary to implement the schedule, the district court did not order that parenting time will not occur if the parties cannot reach an agreement. If the parties cannot agree on the specific dates necessary to implement the court-ordered schedule, they may seek relief in the district court, as they could for any other parenting-time dispute. Contrary to appellant's assertion, his parenting time is not "subject to [respondent's] whims," and he has not demonstrated that the parenting-time order is an abuse of discretion.

**Affirmed.**